1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SURFACE ART, INC.,

                Plaintiff,

      v.

TESSERAE TECHNOLOGIES, LLC, et al.,

                Defendants.

CASE NO. 2:24-cv-00924-TL

ORDER OF DISMISSAL

In this case, Plaintiff Surface Art, Inc., a "Washington based, family-owned distributor of tile and tile-related products," seeks redress for a number of corporate misdeeds alleged against a handful of defendants with whom it entered into an ultimately unsuccessful business relationship. *See generally* Dkt. No. 21. This matter comes before the Court on its own motion. Presently pending before the Court is Defendants Tesserae Technologies, LLC, and David Drishpon's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. No. 27. But before the Court can consider Defendants' motion, it must first address whether it is within its jurisdiction to do so.

## I.  LEGAL STANDARD

Subject-matter jurisdiction, which concerns a court's power to hear a case, can never be forfeited or waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even if no party challenges jurisdiction. *Id.*; *see also Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (examining and finding lack of diversity jurisdiction *sua sponte*). If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506 (citing Fed. R. Civ. P. 12(h)(3)). "The party seeking to invoke the court's subject matter jurisdiction has the burden to demonstrate that jurisdiction exists." *Cascadia Wildlands v. Scott Timber Co.*, 328 F. Supp. 3d 1119, 1127 (D. Or. 2018) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Under 28 U.S.C. § 1332, "[f]or a case to qualify for federal jurisdiction, there must be complete diversity of citizenship between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (internal citation omitted); *see* 28 U.S.C. § 1332(a)(1). A limited liability company (LLC) is a citizen of each state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, to properly plead diversity jurisdiction in a case involving LLCs, a plaintiff must plead "the citizenship of all of the members" of the defendant LLCs. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (citing *Johnson*, 437 F.3d at 899).

## II.  DISCUSSION

Here, Plaintiff's FAC does not plead the citizenship of all members of the defendant LLCs and, therefore, does not adequately establish this Court's subject-matter jurisdiction. Among the named defendants are two LLCs—Tesserae Technologies, LLC, and Erpizo, LLC.

Dkt. No. 21 ¶¶ 2, 4. Plaintiff alleges that Tesserae is a "Georgia domestic limited liability company." *Id.* ¶ 2. Erpizo is allegedly a "Texas domestic limited liability company." *Id.* ¶ 4. But Plaintiff does not provide a factual basis for these allegations. Plaintiff identifies Tesserae's CEO and executive vice president, as well as Erpizo's CEO, but asserts nothing about the LLCs' respective members, let alone their citizenship. *Id.* ¶¶ 3, 5. This is not sufficient.

The Court notes that, pursuant to Federal Rule of Civil Procedure 7.1 (and, though the Parties neglected to say so, Local Civil Rule 7.1), Defendants Tesserae and Erpizo respectively filed Corporate Disclosure Statements that purport to assert the LLCs' citizenships. *See* Dkt. Nos. 11(Tesserae), 14 (Erpizo). But these Statements are incomplete: Neither provides the Court with a definitive list of citizenships of every member of each respective LLC, as required by the rules.[1] *See* Fed. R. Civ. P. 7.1(a)(2); LCR 7.1(b); *see also Lloyd's of London Syndicate 2987 v. PCL Homes LLC*, No. C23-1497, 2023 WL 7212554, at *1 (W.D. Wash. Nov. 2, 2023) (discussing requirements of Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1). In any event, Plaintiff did not cite the disclosure statements in its FAC and, therefore, did not incorporate the citizenship information contained therein—however deficient—into its pleading. Indeed, the typical section on jurisdiction that is often included in complaints is missing in the FAC. *See generally* Dkt. No. 21.

In sum, at this stage in the proceedings, Plaintiff's obligation to establish subject-matter jurisdiction remains unfulfilled. *See Jack v. Asbestos Corp. Ltd.*, No. C17-537, Dkt. No. 126 (W.D. Wash. May 22, 2017) (ordering plaintiffs to "file a response . . . addressing where all of

---

[1] Tesserae's Corporate Disclosure Statement implies that David Drishpon and Gerry King are somehow associated with the LLC, but it does not define these individuals' relationship to Tesserae. *See* Dkt. No. 11 ¶ 2. The Statement also identifies Kevin Stupfel as a "member of Tesserae." *Id.* But given the language of the Statement, it is unclear whether Drishpon, King—or any number of unnamed individuals and entities, for that matter—are also legally members of the organization.

LLC Defendants' members are domiciled" because corporate disclosure statements "call[ed] into question the court's subject matter jurisdiction on the basis of diversity of citizenship"). Therefore, the Court DISMISSES this case without prejudice. *See, e.g.*, *Asana Partners Fund II Reit 14 LLC v. Heath Family I LLC*, No. C20-1034, 2020 WL 7241449 (W.D. Wash. Dec. 9, 2020) (dismissing case without prejudice where plaintiff did not plead citizenship of all members of defendant LLC).

### III.    CONCLUSION

Therefore, the Court ORDERS:

(1)    Plaintiff's First Amended Complaint (Dkt. No. 21) is DISMISSED WITHOUT PREJUDICE.

(2)    Defendants Tesserae Technologies, LLC, and Erpizo, LLC, SHALL file amended corporate disclosure statements that comport with the requirements of Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1 **no later than January 6, 2025.**

(3)    If Plaintiff files a Second Amended Complaint, it SHALL do so **no later than January 20, 2025.**

(4)    Defendants Tesserae Technologies, LLC, and David Drishpon's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 27) is DENIED AS MOOT.

Dated this 18th day of December 2024.

Tana Lin
United States District Judge